UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GREEN PARTY OF TENNESSEE, )
CONSTITUTION PARTY OF )
TENNESSEE )
 )
Plaintiffs, ) Case No. 3:13-1128
 ) Chief Judge Haynes
v. )
 )
 )
TRE HARGETT in his official capacity as )
Tennessee Secretary of State, and MARK )
GOINS, in his official capacity as )
Coordinator of Elections for the State of )
Tennessee, )
 )
Defendants. )

**MEMORANDUM**

Before the Court is Plaintiffs' motion for an award of attorneys fees totalling thirteen

thousand seven hundred fifty dollars ($13,750.00) and costs of six hundred twenty-five dollars

($625.00). Plaintiffs cite their success on the merits of the claims. In opposition (Docket Entry

No. 34), Defendants assert that this action was decided on dispositive motions without testimony

or argument and does not justify the amount of attorney fees sought. Defendants contend that

Plaintiffs' counsel's hours are excessive, redundant and inadequately described.

Under 42 U.S.C. § 1998 and Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) reasonable

attorney fees and expenses can be awarded to a "prevailing party." A reasonable fee must be

"adequately compensatory to attract competent counsel yet which avoids producing a windfall for

lawyers." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004). The amount of a reasonable

1

fee can be determined by the "lodestar" calculation of the number of hours reasonably expended multiplied by a reasonable rate. Hensley, 461 U.S. at 433. This lodestar total, if appropriate can be adjusted. Id. at 434-40.

Plaintiffs bears the burden to document the hours worked and rates sought. Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 617 (6th Cir. 2007) (citation omitted). "fee petitioner must provide the court with the attorneys' billing records that describe the work performed in sufficient detail to establish that the work is reasonably related [to the litigation]." Gratz v. Bollinger, 353 F.Supp. 929, 939 (E.D. Michigan 2005) (citing In re Samuel R. Pierce, Jr. 190 F.3d 586, 593-94 (D.C. Cir. 1999). Yet, "block billing" that does not itemize the services rendered are generally insufficient because such billings do not allow the court "to determine with a high degree of certainty the reasonableness and accuracy of the hours billed." Heath v. Metropolitan Life Ins. Co., No. 3:09-cv-0138, 2011 WL 4005409, at *10 (M.D. Tenn. Sept. 8, 2011). Fees cannot be awarded for purely clerical or secretarial tasks. E.E.O.C. v. Whirlpool Corp., No. 3:06-cv-0593, 2011 WL 332129, at *8 (M.D. Tenn. Aug. 2, 2011).

For Alan Woodruff, their lead counsel, Plaintiffs seek an hourly rate of two hundred fifty dollars ($250.00). Although unsupported by an affidavit, this Court has previously approved the rate of two hundred fifty dollars ($250.00) for Woodruff. Given his prior representation in this related actions as well as other fee award in this District for similar litigation, the Court deems Wodruff's hourly rate to be reasonable.

Although Woodruff's applications has incorrect statements about this action, this action challenged Tennessee's amended ballot access scheme and presented difficult questions of law. Woodruff's hours are "block-billed," but a review of the filings and motions filed in this action,

leads the Court to concluded that Woodruff's block-billing presents an exception to the general

rule and does not preclude an award of attorney fees for his successful challenge. Yet, the 6.20

hours in telephone conferences with members of the Tennessee General Assembly and members

of the Green and Constitution political parties about proposed ballot access legislation will not

be awarded, but the 4.10 hours on the time to discuss the legislative justification for Tennessee's

ballot-access statutes at issue in this litigation will be. The Court also excludes one half of the

4.4 hours challenged by the Defendants because the Court concludes that arrangement for service

of process and review of the scheduling order are reasonable services. The Court also excludes

1.2 hours of telephone conferences with candidates on nomination procedures and requirements

for 2014 election.

Defendants also challenge an award to Darrell Castle, Plaintiff's local counsel because

Woodruff has admitted to practice in Tennessee since 2011. Yet, Woodruff resides outside this

District and Castle's review of the pleadings and memorandum opinion for fees of one thousand

fifty dollars ($1,050.00) is not unreasonable

For Woodruff's 3.90 hours in preparing his fee motion, "[i]n the absence of unusual

circumstances, the hours allowed for preparing and litigating the attorney fee case should not

exceed 3% of the hours in the main case when the issue is submitted on the papers without a

trial." Coulter v. State of Tennessee, 805 F.2d 146, 151 (6th Cir. 1986). Because Woodruff's fee

request equals 7% of the of hours expended on his fee application, that amount is reduced to five

hundred dollars ($55.00).

These reductions total 11.3 hours from Woodruff's total of 50.8 hours in his fee request.

Yet, given the necessity of repealed challenges to the 2.5% ballot access requirement and

applying <u>Hensley</u>, the Court increases this award by fifty percent (50%).    .

Thus, Plaintiffs' motion for an award of attorney fees should be granted in the amount of fourteen thousand eight hundred seventy-five dollars ($14,875.00) to Alan Woodruff and one thousand fifty dollars ($1,050.00) to Donnell Castle.  Plaintiffs are awarded six hundred twenty-five dollars ($625.00) in costs.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the ___10___ day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court